UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

CIVIL ACTION NO. 10-124-KKC

JAMES V. ROCCO and
SHARA ANN ROCCO,                                                              PLAINTIFFS

v.                     **MEMORANDUM OPINION AND ORDER**

BRIAN CRALLE                                                                   DEFENDANT

\* \* \* \* \* \* \* \* \*

This matter is before the Court on the Plaintiffs' Motion for a Default Judgment (DE 5). The Court will deny the motion because the Plaintiffs have not obtained an entry of default before seeking a default judgment.

On April 8, 2010, the Plaintiffs filed a complaint against the Defendant alleging a breach of contract (DE 1). On April 19, 2010, the Defendant was served with summons through certified mail by the Kentucky Secretary of State (DE 3). The Defendant never answered the Plaintiffs' complaint. However, sometime before his answer was due on May 10, 2010, the Defendant sent the Plaintiffs' attorney, Mr. Johnson, a letter seeking to clarify the allegations against him and contesting the case on the merits (DE 6, Ex. A). On May 10, 2010, Mr. Johnson responded to the Defendant's letter by advising the Defendant to file his response to the complaint with this Court (DE 6, Ex. B). The Defendant did not, prompting the Plaintiffs to move for a default judgment.

To obtain a default judgment against the Defendant, the Plaintiffs must follow a two-step process. First, the Plaintiffs must file a motion for an entry of default by demonstrating that the Defendant has failed to answer or otherwise respond to the complaint. FED. R. CIV. P. 55(a).

Second, once the clerk has entered a default, the Plaintiffs may then seek entry of a default judgment against the Defendant. FED. R. CIV. P. 55(b).

Since the Defendant sent the Plaintiffs' attorney a letter seeking to clarify the allegations against him and contesting the case on the merits, the Court finds that the Defendant has made an "appearance" in this case, even though he has not answered the Plaintiffs' complaint. *See Lutomski v. Panther Valley Coin Exchange*, 653 F.2d 270, 271 (6th Cir. 1981) (recognizing that "informal contacts between parties may constitute an appearance"). Therefore, pursuant to Rule 55(b)(2), the Defendant would be entitled to written notice of the Plaintiffs' application for a default judgment at least seven days before a hearing would be held on this issue.

Accordingly, **IT IS HEREBY ORDERED** that the Plaintiffs' Motion for a Default Judgment (DE 5) is **DENIED AS PREMATURE**. The Defendant is directed to proceed in accordance with Federal Rule of Civil Procedure 55 and this order.

Dated this 22nd day of October, 2010.

Signed By:
*Karen K. Caldwell* KKC
**United States District Judge**